## CHARLES S. BROCK AND WILLIAM G. PENNYPACKER v. NEAL O'DONNELL.

An agreement for the sale of goods in the following form: "The party of the first part agrees to sell to the party of the second part all the material used in making barrels, at the actual cost price of the same, now in store. The party of the second part agrees to take and use the same as fast as the sugar-house requires the barrels, and to pay for the same in notes, with interest added, running two months from the date of the same, settlements to be made semi-monthly"—*Held*, to be an executory contract, and not a bargain and sale.

---

On rule to show cause. The facts appear fully in the opinion.

For the rule, *W. Brinkerhoff*.

*Contra, J. B. Vredenburgh.*

Argued at June Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

The opinion of the court was delivered by

KNAPP, J.   The suit, in effect, is for the value of goods bargained and sold by plaintiffs to defendants.

The plaintiffs, being owners of a large cooperage establishment in Jersey City, entered into a contract under seal with the defendants, the part essential in the case being in the following form, namely : " Jersey City, New Jersey, January fourth, eighteen hundred eighty-two.   The party of the first part [plaintiffs] agree to sell to the party of the second part [the defendants] all the material used in making barrels, at the actual cost price of the same, as now in store.   The party of the second part agrees to take and use the same as fast as the sugar-house requires the barrels, and to pay for the same in notes, with interest added, running two months from the date of the same, settlements to be made semi-monthly."

While a large portion of the property treated of remained in the store-houses of the plaintiff a fire occurred, destroying it, and the plaintiffs sought to be paid for its value, as upon an executed contract of sale.   Upon the trial, the real question in the case was whether this instrument was a bargain and sale of the property, or only a contract to sell.   The trial judge, being in doubt as to its proper interpretation, held, *pro forma*, the contract to be an executed sale, and directed an assessment of damages.   This rule to show cause was granted that the question might have further consideration at bar, as its proper determination must finally decide the case.   I think there is no doubt that if the first clause of the recited agreement stood alone, this contract must be considered a bargain and sale, and would cast the liability for the loss upon the vendees.   The rule that the contract of sale passes the property

immediately, before change of possession or payment, so far as the duties and obligations of the vendee are concerned, at least, seem to be well settled. *Benj. on Sales*, § 318. An agreement for the present sale of specific chattels, without payment or delivery, casts on the buyer the risk of loss. The law fixes the risk where the title resides. *Joyce* v. *Adams*, 8 *N. Y.* 291; *Leonard* v. *Davis*, 1 *Black* 476; *Bessell* v. *Balcom*, 39 *N. Y.* 275. The sale of *all* the vendor's material for making barrels then in store, was a sufficient specification of the property to appropriate it to the contract. It was not like a sale of a part out of a bulk. And the price to be paid is sufficiently certain, being ascertainable by reference to an existing fact—their cost. The whole agreement, however, must be construed together, and the latter clause, which provides that the party of the second part is to take and use the material as fast as the sugar-house requires the barrels, and to pay for the same, &c., is an essential qualification of the first part of the contract, which, if standing alone, would import an absolute sale. If this clause could be interpreted as making provision merely for the future possession of the goods, for the convenience of the parties, and as determining the time and mode in which payment was to be made, these circumstances, separately considered or taken together, would not necessarily have such modifying effect. For it is well settled that neither provisions for the retention of the possession of the property by the vendor, nor terms for future payment upon future delivery of the goods, necessarily change an absolute into a conditional sale.

But this provision in the contract to take and use as the sugar-house required, would, as I think, be shorn of its most important meaning if limited to the mere matter of possession of the goods. I think they refer as well to title, and fairly indicate the intention of the parties to be that the defendants should become the purchasers, and take the possession of and use the property as fast as material should be required in making barrels for the sugar-house, which seems to have been the principal customer of the manufactory.

Upon the idea that it refers to the possession merely, it seems to be a useless interpolation in the bargain. Allowing the purchasers to take possession at their own will, they accounting at the end of each half month for the quantity taken, would have sufficed fully for that end.

Their introduction, if any meaning is to be ascribed to them, has made the quantity to be appropriated by delivery of the seller and acceptance by the buyer dependent upon the act or will of a third party, thus introducing a condition precedent, a term that must in its nature suspend the vesting of title as to the entire bulk of the goods; and to leave it in the vendor until such time as, by actual appropriation and provision for payment, the quantity taken and used became determined. If the sugar-house had required no barrels of the defendant, could this clause have been left unread in an attempt to compel the vendors to pay for the whole? Or could the vendor, on the execution of the contract, have made tender of possession to the defendants of the entire stock, and demanded payment or the stipulated security? To these questions there must be a negative answer.

The words are not meaningless, but valuable, I think, in affording a clue to the intention of the parties touching the repose of the title, and they must be given their proper effect. This cannot be done without discovering a contingency such as might, on failure to arise, defeat the entire sale. If the customer named had not required barrels, the vendees would by their agreement have been bound to take and pay for no part. In my judgment the contract was a mere agreement to sell in the future, and not a present sale of the chattels, and their loss was that of the vendor.

The plaintiffs should have been nonsuited upon the trial, and the rule for new trial should be made absolute.